IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUANTUM CORPORATION,

    Plaintiff,

v.

CROSSROADS SYSTEMS, INC.,

    Defendant.

No. C 14-04293 WHA

**ORDER DENYING MOTION TO TRANSFER AND VACATING HEARING**

## INTRODUCTION

In this patent-infringement action, defendant moves to transfer this case to the Western District of Texas. For the following reasons, the motion is **DENIED**.

## STATEMENT

Plaintiff Quantum Corporation and defendant Crossroads Systems, Inc., sell data-storage devices for large-scale data back-up and archiving. Quantum filed this complaint against Crossroads alleging direct and indirect infringement of U.S. Patent No. 6,776,412, entitled "Data Storage Media Library with Scalable Throughput Rate for Data Routing and Protocol Conversion." Crossroads counterclaimed for a declaration of invalidity and noninfringement. The accused products include Crossroads' StrongBox and StrongBox VSeries Library Solution (Compl. ¶¶ 1, 10, 13–17; Answer ¶¶ 36–41; Quantum Exh. B).

Quantum and Crossroads are not strangers. In February 2014, Crossroads filed a complaint against Quantum in the Western District of Texas alleging infringement of U.S. Patent

1  Nos. 6,425,035 and 7,934,041, patents in the "'972 patent family." In July, Crossroads amended
2  its complaint alleging infringement of U.S. Patent No. 7,051,147, another patent in Crossroads'
3  '972 patent family. Judge Sam Sparks, the presiding judge, consolidated Crossroads' claims
4  against Quantum with seven of Crossroads' other Western District of Texas patent prosecutions
5  for purposes of discovery (collectively, "the Texas action"). The Texas action involves claims
6  against nine different defendants for infringement of patents in the '972 family. *None of these*
7  *patents is in suit in our case*. Quantum requested *inter partes* review of three of the Crossroads
8  patents. The United States Patent and Trademark Office instituted *inter partes* review on all
9  petitioned claims of the '035 patent last February (Crossroads Exhs. D–H; Klein Decl. ¶¶ 3–5;
10 Quantum Exhs. D–G).

11 Crossroads now moves to transfer this case, involving a Quantum patent, to the Western
12 District of Texas, specifically angling to get Judge Sparks. For what it's worth, Crossroads has
13 also filed a document entitled "Notice of Pendency of Other Action or Proceeding Pursuant to
14 Civil Local Rule 3-13" to which Quantum objected (Dkt. Nos. 33, 48). This is a side show with
15 no bearing on the outcome of the transfer issue. This order follows full briefing.[*]

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a).

"The defendant must make a **strong showing of inconvenience** to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added).

Courts consider a variety of public and private interest factors when determining whether to transfer a case for convenience. In our case, the relevant factors include: (1) the plaintiff's choice of forum; (2) the availability of compulsory process to compel attendance of unwilling

---

* Quantum objects to paragraphs three through five of the declaration of Domingo Llagostera submitted by Crossroads in support of its reply brief (Dkt. Nos. 50, 52). This order does not rely on this declaration, so it is unnecessary to rule on Quantum's objections at this time.

2

non-party witnesses; (3) the ease of access to sources of proof; and (4) the difference in the costs of litigation between the two forums. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Courts also consider "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." *Decker Coal Co.*, 805 F.2d at 843. Additionally, courts may consider the feasability of consolidation with another action. *A.J. Industries, Inc. v. United States District Court (Real)*, 503 F.2d 384, 389 (9th Cir. 1974).

This order holds, and neither party disputes, that Quantum might have brought this action in the Western District of Texas. Crossroads resides and has a regularly established place of business there (Quantum Exh. L at 3). Nevertheless, this order declines to transfer this case because transfer would be neither in the interest of justice nor more convenient for the parties and witnesses.

*First*, this order considers relative court congestion and time to trial. Crossroads claims that the Northern District of California's docket is more congested. The difference in the time to trial between the Northern District of California and the Western District of Texas is negligible. For civil cases, the median number of months to trial in this district is 28.3 months compared to 23.6 months in the Western District of Texas. That is a difference just shy of five months. Furthermore, the available statistics provide little probative value where, as here, the evidence suggests greater congestion in the transferee forum (Federal Judicial Caseload Statistics, Table C-5, June 2014). The time to trial for the undersigned judge, moreover, is generally shorter and trial herein would occur within eleven months.

In January 2014, Judge Sparks conducted a hearing with Crossroads and several of the defendants in the now consolidated Texas action. He indicated that "we have too much business in Austin," and that "Judge Yeakel and I have the heaviest civil docket weighted in the United States – generally you lose two-and-a-half months." He went on to say, "[i]f I had a Markman order today, signed, and y'all had objected to it and I overruled your objections, you would go to trial in November of 2015" (Quantum Exh. A at 8).

3

In October 2014, Judge Sparks conducted a two-day Markman hearing. In February 2015, Special Master Karl Bayer issued his report and recommendation on claim construction. The deadline for objections passed, but Judge Sparks has yet to issue a final order. This is not a criticism but an acknowledgment of the heavy caseload under which Judge Sparks works. No deadline for dispositive motions has been set there. No trial date has been set there either, and based on Judge Sparks' time estimate, the parties should not expect one until at least January 2017 (Quantum Exh. I). *See generally* Docket, *Crossroads Systems, Inc. v. Quantum Corporation*, 14-CV-00150-SS (W.D. Tex. Feb. 18, 2014) (Judge Sam Sparks).

In contrast, here, Quantum has already served its first set of requests for production. Dispositive motions are due by early November and trial is set for February 1, 2016 (Klein Decl. ¶ 2; Dkt. No. 29). Those facts, along with the undersigned judge's commitment to efficiently and expeditiously resolving cases, weigh against transfer. This case will go to trial here in eleven months, absent very unusual circumstances.

*Second*, this order considers convenience to the parties and witnesses and access to proof. Quantum has headquarters in San Jose. This fact adds weight to Quantum's choice of forum and also suggests that this district will be more convenient for key witnesses. Additionally, through their initial and supplemental disclosures, the parties identified six California witnesses, including the inventor, four Texas witnesses, two Illinois witnesses, two Washington witnesses, one Iowa witness, and one Minnesota witness. Unlike the Western District of Texas, our district is both more convenient for witnesses and subjects more non-party witnesses to compulsory process (Crossroads Exhs. K–L; Quantum Exhs. O, R).

Similarly, there will be greater access to proof in this district as Quantum maintains important documents and records, particularly those relating to its scalar tape library products, at its San Jose headquarters (Hall Decl. ¶¶ 4–7).

Contrary to Crossroads, Quantum's small office in Richardson, Texas, does not weigh in favor of transfer. Richardson is over two hundred miles from Austin, and that outpost does not maintain custody of relevant documents (Hall Decl. ¶ 7).

This order holds that Quantum's case should not be transferred to the Western District of Texas because transfer would be neither in the interest of justice nor convenient for the parties and witnesses. This is dispositive, but this order also rejects the following further arguments made by Crossroads.

Crossroads bases its motion on two flawed assumptions: (1) that this action would be consolidated with the Texas litigation over patents in the '972 family and (2) that this action would be directly assigned to Judge Sparks (Br. 13–16).

Consolidation with the Texas action seems problematic for several reasons. *First*, Quantum claims infringement of a different patent-in-suit than the patents-in-suit in the Texas action. There is no overlap of the patents-in-suit. Even a cursory comparison of the patents-in-suit in both districts reveals that their fields of classification search overlap only slightly (Quantum Exhs. B–E). The common scenario wherein a party moves to transfer a claim for a declaration of invalidity and noninfringement for consolidation with a claim for patent infringement of the very same patent or a patent in the same family is *not* present here.

*Second*, Special Master Bayer already issued a report and recommendation on claim construction in the Texas action. Our case has not proceeded to claim construction yet. Accordingly, consolidation would delay the entire Texas action with all of its different defendants. It would be put on hold while Judge Sparks brought our case, over an entirely different patent, up to speed. This would defeat the purpose of consolidation: the expeditious and cost-efficient resolution of controversies.

*Third*, zooming out from the patent level, there is not significant overlap between parties, products, and questions of law and fact. Quantum is just one of nine defendants in the consolidated Texas action. Similarly, while there may be some overlap in encompassing and accused products, namely Quantum's i500 Scalar Tape Library, this overlap is small. The discovery and resolution of claims related to the i500 in the Texas action represents a fraction of the overall discovery and litigation there. For the same reasons, Crossroads' claim that it just learned that Quantum might pursue damages based on its "LTFS appliance" goes nowhere (Quantum Exhs. O–Q; Reply at 5).

5

The unfeasability of consolidation weighs, in its own right, against transfer. Furthermore, assuming *arguendo* the rejected proposition that there is significant duplicative discovery and expenditure of judicial resources, such inefficiencies will remain unless, upon transfer, the clerk consolidates our case with the Texas action, which, as discussed above, is problematic.

Direct assignment to Judge Sparks is even more unlikely. In the Western District of Texas, the clerk only directly assigns cases that are related to a pending case. A case relates to a case already pending if it: (1) "relates to property included in that case"; (2) "involves substantially the same issue(s) of fact or grows out of the same transaction(s)"; (3) "involves the validity or infringement of a patent already in suit"; or (4) "both were brought as class actions and involve substantially the same issues of law and one or more of the classes in the later numbered suit is the same as those in the earlier numbered suit" (Quantum Exh. H at 4–5). Quantum's claims neither involve a patent already in suit nor arise out of the same transaction or facts.

Possibly, of course, this case could be randomly assigned to Judge Sparks, one out of five judges in Austin and nineteen in the Western District of Texas. Crossroads says "[f]or almost fifteen years, Judge Sparks has had nineteen patent cases involving this technology, conducting numerous technology tutorials, issuing three Markman rulings and numerous summary judgment opinions on invalidity and infringement, and conducting two trials" (Br. 16). Acknowledging that Judge Sparks has a grasp on the general area of data storage, the undersigned judge has some experience in the field, has tried a dozen patent cases, and will learn what is needed to come up to speed. It simply cannot be the law that every data-storage case should be transferred to Judge Sparks, absent an MDL order.

This order rejects Crossroads' claim that it is fending off Goliath. Quantum may be larger, but Crossroads is no David. Both publicly-traded companies have revenue in the millions. Crossroads' quantification of Quantum's revenue in fractions of billions only makes it *seem* much larger. Crossroads should have known that in declaring war it might face a battle on two fronts (Crossroads Exh. C at 3; Quantum Exh. L at 3).

6

While the foregoing is sufficient, this order adds this observation. After long experience with patent cases, the undersigned judge has come to realize that, in suing each other, competitors strive to be the first to draw first blood and, particularly, to win money or an injunction at trial. In Texas, Crossroads has asserted so many patents that its case has bogged down, a victim of its own size, and no trial date is on the horizon. Here in California, Quantum asserted only a single patent and has succeeded in getting a trial date earlier than any trial date likely in the Texas action. So, as matters now stand, Quantum has an earlier shot at drawing first blood. Crossroads wishes to take away this advantage by forcing Quantum out of this courthouse and forcing it to start all over in Texas, even worse to become mired in its prolix proceedings in Texas where Crossroads would, no doubt, assert that its own earlier-filed lawsuit should take priority over this one. Yes, Crossroads has some arguments to support this strategy but those argument are makeweights. The instant action deserves to be here and deserves to go forward as scheduled.

## CONCLUSION

For the reasons stated herein, Crossroads' motion to transfer is **DENIED**. Being unnecessary, the hearing on **MARCH 19** is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 11, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE