IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>　　Plaintiff and Counter-Defendant,<br><br>　v.<br><br>CROSSROADS SYSTEMS, INC,<br><br>　　Defendant and Counter-Plaintiff. | No. C 14-04293 WHA<br><br>**ORDER DENYING CROSSROADS' MOTION TO AMEND ANSWER** |

## INTRODUCTION

In this patent-infringement action, the accused infringer belatedly seeks leave to amend its answer to include an equitable estoppel defense. For the reasons stated below, that motion is **DENIED**.

## STATEMENT

Quantum Corporation commenced this action against Crossroads Systems, Inc., accusing the latter's StrongBox data-storage systems of infringing U.S. Patent No. 6,766,412. The parties engaged in a series of commercial dealings from the mid-2000s through 2013. Between 2011 and 2013, the parties discussed a partnership in which Quantum would sell Crossroads' StrongBox systems with Quantum's tape libraries. Those discussions fell through when Crossroads commenced a separate patent infringement action against Quantum in the Western District of Texas. Quantum never mentioned the '412 patent or any other patent issues throughout its discussions with Crossroads. Crossroads contends it did not know about the '412 patent until the instant countersuit.

In April 2015, as part of discovery in this action, Quantum produced an email exchange that took place between May and June 2011 between Mark Pastor, Quantum's strategic business manager, and David Cerf, Crossroads' executive vice president of corporate and business development. In that exchange, Pastor and Cerf arranged a meeting on the topics "Understand StrongBox" and "Discuss some go to market options" (LLagostera Decl., Exh. C). On July 29, 2015, Quantum produced a series of internal emails that included discussions about the StrongBox partnership with Crossroads. On July 30, Crossroads deposed Quantum's senior director of product management and marketing, Eric Bassier, and asked him about the circumstances surrounding those emails (Bassier Dep. at 40–41, 235–37).

Prior to the disclosure of Quantum's internal e-mails and the Bassier deposition, counsel for Crossroads claims they were unaware of the discussions between the parties regarding the StrongBox appliances. Crossroads management had not mentioned them, it said, because they did not appreciate the relevance of those discussions (in which the '412 patent went unmentioned) to a possible defense (Edwards Decl. ¶¶ 4–6).

A week after the Bassier deposition, counsel for Crossroads met with Crossroads' management who directed counsel to speak to David Cerf, Crossroads' lead on business discussions with Quantum. Counsel for Quantum spoke with Cerf the next week. That conversation revealed further details of the partnership discussion, such as the scope of the discussions, and confirmed that Quantum never mentioned the '412 patent or possible infringement. Throughout August and the start of September, Crossroads evaluated the viability of a possible equitable estoppel defense on that basis and produced relevant documents to Quantum (*id.* ¶ 8).

In mid-September, counsel for Crossroads contacted counsel for Quantum to discuss their intention to amend Crossroads' answer to include an equitable estoppel defense. Over a period of a week, the parties met and conferred, counsel for Quantum stated they would oppose Crossroads' motion, Crossroads finalized its motion, and Crossroads gave Quantum an opportunity to review the motion to consider whether a sealing motion would be necessary. On September 21, Crossroads filed this motion seeking to amend the case management order, which

set March 31 (seven months ago) as the deadline to amend pleadings, and seeking to amend its answer to include an equitable estoppel defense, based on the allegation that Quantum failed to mention the '412 patent in more than two years of business dealings regarding the accused product. This order follows full briefing and oral argument.

## ANALYSIS

Crossroads seeks to amend the case management order in this case, which set the deadline to amend pleadings as March 31, and it seeks leave to amend its answer to include an equitable estoppel defense (Dkt. No. 29). A party may seek leave to amend its pleadings under Rule 15, and leave should be freely granted "when justice so requires." Where a party seeks leave to amend its pleadings after a deadline set in a case management order, however, there must be good cause for such a modification under Rule 16(b)(4). The parties agree that good cause under Rule 16(b)(4) focuses on the diligence of the party seeking the amendment of the case management order.

Crossroads argues it acted diligently to bring this motion once it received Quantum's internal emails regarding the StrongBox partnership on July 29. Crossroads measures its diligence from the wrong date. The information that was necessary to put Crossroads on notice of this potential equitable estoppel defense was known to Crossroads *when it occurred*, and it was not concealed in any way by Quantum. As soon as this lawsuit commenced, management at Crossroads should have said to its counsel, "the '412 patent? My god, we talked with them for two years and they never mentioned the '412 patent at all. We got led down a path. This is unfair."

Crossroads' failure to assert equitable estoppel in its answer is entirely its own fault. It was Crossroads' burden to uncover at least the facts in its own possession at the outset of this litigation, not Quantum's burden to serve up defenses on a silver platter. Crossroads had its own copies of any written communications between the parties, including the single email included in its motion. Claiming its lay management did not appreciate the legal significance of business discussions between the parties about the accused product is unpersuasive. They should have

3

known, and any reasonable inquiry by counsel would have led to a review of the multi-year course of dealing between the companies.

Crossroads omitted the internal emails produced by Quantum on July 29 in its motion and instead relied on an email exchange between the parties that Quantum produced in April — which, again, was already in Crossroads' possession anyway. Crossroads mentions the internal emails in its reply brief, but does not offer any explanation for why they could not have recognized the viability of an equitable estoppel defense until they received those emails. Crossroads has no excuse for overlooking the course of dealing evident in their own clients' files involving the very same litigants and the accused product.

The relevant evidence was in Crossroads' possession from the outset. The defense must bear the burden of its failure to review the substance of business discussions between the parties about the accused product. Good cause has not been shown.

## CONCLUSION

For the reasons stated above, Crossroads' motion to amend the case management order to allow this belated amendment and for leave to amend its answer to include an equitable estoppel defense is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 2, 2015.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4